UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-56.6 |
| | ) | REEVES/GUYTON |
| TIMOTHY LEE HALL, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Timothy Hall's motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. He asks the Court to reduce his prison sentence from 168 months to 135. The Government agrees that Hall is eligible for a sentence reduction, and it defers to the Court on whether to grant Hall's motion and how much to reduce his sentence.

Hall's sentence should be reduced to 135 months. In deciding whether a sentence should be reduced, the Court follows a three-step test. First, the Court must determine if the prisoner is eligible for a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If so, then the Court looks to whether a reduction is warranted. *Id.* If a reduction is warranted, the Court then turns to how much of a reduction should be granted. *See id.*

Hall is eligible for a sentence reduction. If a prisoner is sentenced under a Sentencing Guideline that is later amended, then he can have his sentence recalculated if the amendment is made retroactive. Hall was sentenced on June 7, 2012. Amendment 782 took effect on November 1, 2014. *United States v. Taylor*, 815 F.3d 248, 249 (6th Cir. 2016). Amendment 782 was made

1

retroactive by Amendment 788. *Id.* Thus, Amendment 782 applies to Hall's sentence if it applies to his offenses.

Amendment 782 applies to Hall's offenses. Amendment 782 lowered the drug-crime offense levels by two points. *Id.* Hall pleaded guilty to conspiring to distribute, and possessing with intent to distribute, at least 50 grams of crack, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). For sentencing, he admitted to possessing 840 grams of crack. When Hall was sentenced, 840 grams of crack corresponded to a base offense level of 34. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(3) (2011). Amendment 782 lowered the base offense level to 32. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(4) (2016). Thus, Amendment 782 lowered Hall's base offense level by 2 points. He is eligible for a sentence reduction. His sentence will be lowered if a reduction is warranted.

A reduction is warranted. This inquiry is guided by any relevant factors set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(2). Hall notes that he has earned certificates of completion in classes like Weight Management, Oasis Grammar, and HIV/AIDS Awareness. He has also completed a Whallen GED course. *See id.* § 3553(a)(2)(D). He has a consistent work history. *See id.* And he has received good evaluations. *See id.* § 3553(a)(2)(1) (characteristics of the defendant), (2)(A) (respect for the law). Hall is entitled to a sentence reduction. The final issue is how much to reduce his sentence.

A reduction from 168 months to 135 is appropriate. When Hall was sentenced, his criminal-history category was III, and his final offense level was 33. This corresponded to a Sentencing Guidelines range of 168–210 months. Hall was sentenced to 168 months. Amendment 782 lowered Hall's base offense level by 2 points, leading to a new final offense level of 31. This corresponds to a Guidelines range of 135–168 months. Hall asks for a revised sentence of 135 months,

and the Government does not oppose it. Accordingly, Hall's motion for a sentence reduction is **GRANTED**. His sentence is **reduced to 135 months**. Hall's pro se motion for relief under 18 U.S.C. § 3582 [D. 296] is **DENIED as moot**.

    **IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**